UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 1:14-cr-022-1 |
| v. | : | Judge Michael R. Barrett |
| JEFFREY EDMERSON, | : | **ORDER DENYING MOTIONS FOR** |
| Defendant. | : | **COMPASSIONATE RELEASE** |

This matter is before the Court on two (pro se) motions for compassionate release filed by Defendant Jeffrey Edmerson. (*See* Docs. 220, 224, 227). The United States opposes release. (Doc. 226).[1]

Defendant seeks compassionate release based on his "unusually long sentence" received as part of a "stash house sting."[2] (Doc. 220 PAGEID 1219–24). He asks that his sentence be reduced to time served. Defendant's emergency supplemental motion is based on him "being the only available caregiver for his minor child." (Doc. 224 PAGEID 1257).

I.    **BACKGROUND**

On February 4, 2015, Defendant pled guilty to criminal conspiracy to possess and distribute

---

[1] Defendant's first motion for compassionate release, filed by pro bono counsel, was denied (Doc. 191), as was his (pro se) motion for a sentence reduction (pursuant to 18 U.S.C. § 3582(c)(2)) (Docs. 222, 223).

[2] As explained by the Sixth Circuit in a different (and unrelated) appeal, "This case is one in a long series of elaborate, nearly-identical sting operations conducted by the Bureau of Alcohol, Tobacco, Firearms, and Explosives ('ATF'). In these operations, referred to as 'stash house stings,' an undercover agent recruits individuals to steal a large quantity of drugs from a house protected by an armed guard. The house, the drugs, and the guards, however, are all fictional—and would-be participants are arrested before they reach the invented location." *United States v. Flowers*, 712 F. App'x 492, 494 (6th Cir. 2017) (per curiam). "Because these stings are wholly inventions of law enforcement agents, they can and do include powerful inducements to participate in one big 'hit,' a hit that is conveniently large enough to qualify for mandatory minimum sentences." *Id*. at 509 (Stranch, J. concurring). These remarks aside, the convictions and sentences of the five targeted defendants in *Flowers* were affirmed.

1

cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (Count 3). (Docs. 49, 50). He eventually was sentenced to a total term of 216 months of imprisonment, followed by five years of supervised release. (Docs. 106, 112, 113). Defendant, who is 38 years-old, is currently housed at FDC Miami. "Find an inmate," Federal Bureau of Prisons available at (https://www.bop.gov/inmate loc/ (last visited 06/01/2026). His projected release date is July 4, 2029. *Id.*

## II. DISCUSSION

### A. Availability of Compassionate Release

A court "may not modify a term of imprisonment" based on a defendant's compassionate release motion until "after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Sixth Circuit has ruled that the exhaustion requirements found in § 3582(c)(1)(A) are mandatory and thus present "a glaring roadblock foreclosing compassionate release." *United States v. Alam*, 960 F.3d 831, 835 (6th Cir. 2020) (quoting *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020)). Prisoners have two routes, then, to directly petition courts for compassionate release: (1) file a motion after fully exhausting administrative appeals of the BOP's decision not to file a motion for compassionate release, or (2) file a motion after "the lapse of 30 days from the receipt ... of such a request" by the warden of the prisoner's facility. 18 U.S.C. § 3582(c)(1)(A).

Defendant asserts that he exhausted his administrative remedy—at least as to his first (pro se) motion—and, to this end, attaches the November 16, 2023 denial letter he received (while housed at FCI Gilmer) from Warden Brown. (*See* Doc. 220 PAGEID 1230, 1234). The United

States does not contest exhaustion. Thus, the undersigned can proceed to the merits of Defendant's motions.

### B. No Extraordinary or Compelling Reasons Support a Reduction in Sentence

**Standard.** "The 'compassionate release' provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons in 'extraordinary and compelling' circumstances." *United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)). A three-step inquiry is necessary. *Id.* at 1101. "[A]t steps one and two of the § 3582(c)(1)(A) inquiry, district courts must find both that 'extraordinary and compelling reasons warrant [a sentence] reduction' and 'that such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission." *Id.* at 1109 (italics emphasis in original). Assuming an extraordinary and compelling reason is found, step three then requires consideration of the "applicable" sentencing factors listed in 18 U.S.C. § 3553(a). *Id.* at 1106 (citing *United States v. Ruffin*, 978 F.3d 1000, 1003–06 (6th Cir. 2020)).

**Unusually Long Sentence.** The policy statement of the Sentencing Commission appears at § 1B1.13 of the Guidelines. It was amended on November 1, 2023 ("Amendment 814") to clarify that it applies to motions filed by inmates (as well as by the Director of the BOP on an inmate's behalf). Amendment 814 also added six reasons that may justify compassionate release. *See* U.S.S.G. § 1B1.13(b)(1)–(6). Relevant here, according to Defendant, is the sixth reason, which reads:

> (6) UNUSUALLY LONG SENTENCE.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the

defendant's individualized circumstances.

*Id.* § 1B1.13(b)(6). Subsequent to Defendant filing his (first) pro se motion, however, the Sixth Circuit determined that the Commission "overstepped its authority and issued a policy statement that is plainly unreasonable under the statute and in conflict with the separation of powers." *United States v. Bricker*, 135 F.4th 427, 430 (6th Cir. 2025).[3] U.S.S.G. § 1B1.13(b)(6), accordingly, was deemed "invalid." *Id.*[4] "In reaching its conclusion, the *Bricker* majority clarified that the Sixth Circuit's decision in *United States v. McCall*, 56 F. 4th 1048 (6th Cir. 2022) (en banc), which predates the amended policy statement, remains the law of this Circuit." *United States v. Mitchell*, Nos. 3:04-CR-82-TAV-HBG-1, 3:04-CR-172-TAV-HBG-1, 2025 WL 1386210, at *3 (E.D. Tenn. May 13, 2025). "In contrast to the policy statement contained in U.S.S.G. § 1B1.13(b)(6), the *McCall* court held that the fact 'that a defendant might receive a different sentence today than he received years ago represents the routine business of our legal system' and 'cannot supply an extraordinary and compelling reason to reduce a lawful sentence whose term Congress enacted, and the President signed, into law.'" *Id.* (quoting *McCall*, 56 F.4th at 1065) (cleaned up).

*Bricker* plainly forecloses Defendant's contentions[5] that: (1) he "wouldn't even charged today;" (2) he would have been charged "only" with (Hobbs Act) conspiracy to commit robbery in violation of 18 U.S.C. § 1951(a); or (3) his guideline range would have just been 110–137

---

[3] "To cut to the heart of this, because some recent revisions to federal sentencing law are not retroactive, old inmates are serving prison sentences that are much longer than the sentences of new inmates who committed the exact same crimes. Recognizing the unfairness, the Commission decided that the disparity was a good reason to grant these old-timers early release, or was at least a factor worth considering when deciding whether an individual old-timer had an 'extraordinary and compelling reason' for early release. That is understandable and even laudable. The question is whether the Commission has the authority to do that under the law, particularly the Constitution." *Bricker*, 135 F.4th at 430.

[4] *See United States v. Leboeuf*, No. 3:05-CR-2-TAV-JEM-1, 2026 WL 1348108, at *3 (E.D. Tenn. May 14, 2026) ("[I]n April 2025, the Sixth Circuit invalidated section 1B1.13(b)(6).").

[5] (*See* Doc. 220 PAGEID 1222–23).

4

months. So, too, does the recent holding in *Fernandez v. United States*, No. 24-820, 608 U.S. --, 2026 WL 1485535, at \*10 (U.S. May 28, 2026) ("The statutory text and structure make clear that Congress's nonretroactive change to § 924(c)—considered by itself or in combination with other factors—cannot make a prisoner eligible for compassionate release.").

Defendant additionally argues that Amendment 814's fifth reason supports his release:

(5)  OTHER REASONS.—The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

U.S.S.G. § 1B1.13(b)(5). It does not. *See United States v. Washington*, 122 F.4th 264, 267 (6th Cir. 2024) ("[T]he catch-all provision is not a home for complaints that the generally applicable penalties set by Congress are too harsh."); *United States v. Robinson*, No. 5:08-031-DCR, 2026 WL 1506664, at \*2 (E.D. Ky. May 28, 2026) (citing *Washington*, "There is nothing 'extraordinary' about leaving untouched the exact penalties that Congress prescribed for the violation of a statute. A criminal defendant serving the duration of a lawfully imposed sentence is routine—not 'compelling.'") (cleaned up). *See also United States v. Norris*, No. 8:08-cr-163-KKM-TGW, 2026 WL 1506180, at \*2 n.1 (M.D. Fla. May 29, 2026) ("Norris also posits that his lengthy sentence qualifies as an extraordinary and compelling reason for relief 'under the catchall provision of 1B1.13(b)(5).' Mot. at 2. While *Rutherford* [*v. United States*, No. 24-820, 608 U.S. --, 2026 WL 1485535 (U.S. May 28, 2026)] is equally fatal to this argument, I note that neither the length of a sentence nor a change in the law are similar in kind or 'similar in gravity to those [circumstances] described in paragraphs (1) through (4),' which focus on the defendant's medical circumstances, age, family, and abuse while in custody. *See* U.S.S.G. § 1B1.13(b)(1)–(4).").

**Family Circumstances.** The "incapacitation" of "the caregiver of the defendant's minor child" can likewise serve as an extraordinary and compelling reason for a reduction in sentence.

*See* U.S.S.G. § 1B1.13(b)(3)(A). The minor child to which Defendant referred—a daughter whose date of birth is 5/4/2008[6]—is now an adult. Accordingly, this issue is moot.

**Rehabilitation.** Defendant calls the Court's attention to his post-sentencing rehabilitation efforts in support of compassionate release. (*See* Doc. 220 PAGEID 1227–29, PAGEID 1233).

To his credit, (*see* Doc. 220 PAGEID 1227), Defendant acknowledges that rehabilitation *alone* "shall **not** be considered an extraordinary and compelling reason" for sentence reduction. 28 U.S.C. § 994(t) (bold emphasis added).[7] However, it "**may** be considered **in combination** with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. §1B1.13(d) (bold emphasis added).

The Court commends Defendant's endeavors toward self-improvement—to include earning his GED, completing a Non-Residential Drug Abuse Treatment Program course, and consistent assignment as a unit orderly—and applauds the thoroughness of his proposed release plan. But without a separate extraordinary and compelling reason in play, the undersigned cannot consider any of this as a means to reinforce sentence reduction.

## III. CONCLUSION

Having found no extraordinary and compelling reason in support of a sentence reduction, the compassionate release analysis ends. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021); *see also United States v. Tomes,* 990 F.3d 500, 504 (6th Cir. 2021) (citing *Elias*).[8] Defendant Jeffrey Edmerson's motion for compassionate release based on his "unusually long sentence"

---

[6] (Doc. 224 PAGEID 1260 (¶ 1)). Defendant has been incarcerated since his daughter was three years old. (*Id.* PAGEID 1262 (¶ 7)).

[7] See *United States v. Ruffin*, 978 F.3d 1000, 1009 (6th Cir. 2020) (citing 28 U.S.C. § 994(t), "Congress has made clear that rehabilitation 'alone' does not provide a proper basis for relief.").

[8] Thus, the Court need not proceed to step three of the § 3582(c)(1)(A) inquiry, "considering" the "applicable" sentencing factors listed in 18 U.S.C. § 3553(a). *Elias*, 984 F.3d at 519; *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021) (citing *Elias*).

(Doc. 220) is **DENIED** and his "emergency supplemental motion" based on "family circumstances" (Doc. 224) is **DENIED as moot**.

      **IT IS SO ORDERED.**

                          /s/ *Michael R. Barrett*
                          Michael R. Barrett, Judge
                          United States District Court